Mark J. Caruso, Esq,
Caruso Law Offices, P.C.
4302 Carlisle Blvd. NE
Albuquerque, New Mexico 87107
Pro Hoc Vice
Telephone: (505) 883-5000
Fax: (505) 883-5012
mark@carusolaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK ALLDS AND OLGA ANTROPOVA ALLDS, <br>                Plaintiff, <br><br> v. <br><br> HYUNG WON JANG and MAYE TRANSPORT, INC <br>                Defendants . | **COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES** |

**COME NOW** the Plaintiffs Frank Allds and Olga Antropova Allds, by and through their attorney of record, Caruso Law Offices, PC, by Mark J. Caruso, and bring their claims for damages against Defendants Hyung Won Jang and Maye Transport, Inc., and in support of their cause of action, state the following:

## JURISDICTION AND VENUE

1

1. Plaintiffs Frank Allds and Olga Antropova Allds are individuals and residents of the State of Wisconsin.

2. Upon information and belief, Plaintiffs asserts that the Defendant Hyung Won Jang (hereinafter "Jang") is a resident of the Province of Ontario, Canada, and was transporting goods in a commercial motor vehicle in interstate travel in the state of Arizona at the time of the collision.

3. At all times material hereto, Defendant Maye Transport, Inc. (hereinafter "Maye Transport") is a motor carrier domiciled in the Province of Manitoba, Canada, and authorized to operate commercial vehicles on highways in the United States and State of Arizona.

4. The collision which is the subject of this lawsuit occurred in the County of Mohave, State of Arizona.

5. The United States District Court for the State of Arizona has personal and subject matter jurisdiction over Defendants Jang and Maye Transport.

**RELEVANT FACTS**

6. On or about September 18, 2021, Plaintiff Frank Allds was operating his 2018 Jeep Cherokee traveling in a marked construction zone headed northbound on Interstate 15 near Milepost 8 in Mohave County, Arizona. Plaintiff Olga Antropova Allds was a passenger in her husband's vehicle.

7. At approximately the same time, Defendant Jang was operating a commercial motor vehicle traveling in a marked construction zone headed northbound on Interstate 15 behind Plaintiff Frank Allds.

8. Defendant Jang was operating a 2017 Freightliner commercial tractor towing a Great Dane box trailer, both owned by Defendant Maye Transport.

9. It is Plaintiffs' information and belief that the Great Dane box trailer hauled by Defendant Jang weighed 80,300 pounds.

10. While traveling in a clearly marked construction zone, Defendant Jang negligently and carelessly crashed and collided into the rear of the passenger vehicle operated by Plaintiff Frank Allds. The impact forced Plaintiffs' passenger vehicle to collide into other vehicles and flip three and one-half times severly injuring Plaintiffs.

11. At the time of the collision Defendant Jang was acting as an agent and employee of Defendant Maye Transport within the course and scope of his employment with the trucking company. Defendant Maye Transport is vicariously liable for the acts or omissions of Defendant Jang and its employees, agents, apparent agents, representative and/or designees under the legal doctrine of *respondeat superior*.

12. At all times material hereto, Defendant Maye Transport was a licensed motor carrier operating its trucking company under the regulations promulgated by the Federal Motor Carrier Safety Administration under the United States Department of Transportation with the assigned DOT number of No. 266663.

13. The Federal Motor Carrier Safety Act ("FMCSA") adopted the Federal Motor Carrier Safety Regulation ("FMCSR") that apply to all commercial motor carriers, commercial vehicles and commercial motor vehicle drivers engaged in interstate commerce including Defendants Maye Transport and Jang.

14. At all times material hereto, there were in force and effect state and federal

statutes and laws that were enacted for the safety of the public using roadways and interstates, including Plaintiffs Frank Allds and Olga Antropova Allds.

15. Arizona motor vehicle traffic laws and commercial driver licensing statutes, including the commercial driver's license ("CDL"), and other state statutes, apply to all commercial motor carriers, commercial motor vehicles and commercial motor vehicle drivers operating within the State of Arizona.

16. It is Plaintiffs' information and belief that at all times herein Defendant Jang held a CDL.

17. At all times hereto, Defendant Maye Transport and Jang operated a tractor-trailer in interstate commerce within and thru the State of Arizona. Defendants Maye and Yang are therefore fully subject to the afore-mentioned federal laws and Arizona state laws.

18. Plaintiffs Frank and Olga Antropova Allds suffered severe and permanent personal injuries and other damages as a direct cause, proximate cause and foreseeable result of the wrongful actions by Defendants Maye Transport and Jang, including, but not limited to, the following: Plaintiff Olga Antropova Allds was permanently paralyzed from the waist down, with neurogenic dysfunction of bladder and bowel. Plaintiff Frank Allds suffered a broken back and ribs with resulting permanent injury

## COUNT I

## NEGILGNECE PER SE OF DEFENDANT YANG

19. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-18 of this Complaint as if set forth in full herein.

20. At all times material hereto, Defendant Yang was obligated to comply with

4

the commercial motor vehicle safety laws and other traffic related laws established by United States and the State of Arizona including, but not limited to, the statutes, regulation, and safety rules of the U.S. Department of Transportation, the National Transportation Safety Board, the Offices of Highway Safety, the Federal Motor Carrier Safety Administration, the Arizona Department of Transportation and Arizona Traffic and Vehicle Regulations.

21. These statutes, regulations and safety rules have been promulgated for the safety and benefit of the public at large using the interstate highways, including Plaintiffs Frank and Olga Antropova Allds.

22. The injuries and damages sustained by the Plaintiffs on September 18, 2021, are of the type of injuries and damages that such statutes, regulation and safety rules are designed to prevent.

23. At the time of this collision, there were in force and effect certain Federal Motor Carrier Safety Regulations ("FMCSR") that may have been violated by Defendant Yang, including, but not limited to:

    a. FMCSR § 383.110-Required general requirement;

    b. FMCSR § 383.111-Required knowledge;

    c. FMCSR § 383.112-Required skills;

    d. FMCSR § 390.3-General applicability;

    e. FMCSR § 390.35-Certificates, reports, and records; falsification, reproduction, or alteration;

    f. FMCSR § 391-Quaiification of drivers;

  g. FMCSR § 392.2-Applicable operating rules;

  h. FMCSR § 392.3-Ill or fatigued operator;

  i. FMCSR § 392.6-Schedules to conform with speed limits;

  j. FMCSR § 395.3-Maxium driving time for property-carrying vehicles;

  k. FMCSR § 395.8-Driver's record of duty status;

  l. Any additional federal regulation or statutes that are revealed during discovery as being violated.

24. At the time of this collision, there were in force and effect Arizona Department of Transportation Traffic and Vehicle Regulations that may have been violated by Defendant Yang, including, but not limited to:

  a. AZ Revised Statute §28-693 (2021) Reckless driving violation;

  b. AZ Revised Statute §28-695 (2021) Aggressive driving;

  c. AZ Revised Statute §28-701 (2021) Reasonable and prudent speed;

  d. AZ Revised Statute §28-701.02 (2021) Excessive speed;

  e. AZ Revised Statute §28-702 (2021) State highway speed limits;

  f. AZ Revised Statute §28-709 (2021) Maximum speed limit for large vehicles with trailers;

  g. AZ Revised Statute §28-710 (2021) State highway work zone safety;

  h. AZ Revised Statute §28-730 (2021) Following too closely; and

  i. Any additional state regulations or statutes that are revealed during discovery as being violated.

25. As a result of these and other violations, Defendant Jang was negligent per

6

se.

26. Defendant Jang's negligence per se was the direct, proximate cause and foreseeable result of the collision into the vehicle operated by Plaintiff Frank Allds and the resulting injuries and damages to Plaintiffs Frank and Olga Antropova Allds.

27. The acts by Defendant Hyung Won Jang were reckless and done without regard to the safety of other drivers and passengers using the interstate, including Plaintiffs Frank and Olga Antropova Allds. These acts include, but are not limited to, falsifying driving logs, reckless driving, and careless driving which specifically caused injuries to Plaintiffs. Said unconscionable conduct was willful and wonton and created an extreme risk of danger and harm for other drivers and passengers on the interstate including Plaintiffs who are therefore entitled to punitive and exemplary damages.

28. Defendant Maye Transport is vicariously liable for the negligence per se of Defendant Yang under the doctrines of *respondeat superior*, agency liability and joint venture.

## COUNT II

## NEGLIGENCE OF DEFENDANT JANG

29. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-28 of this Complaint as if set forth in full herein.

30. At all times material hereto, Defendant Jang had a duty to act as a reasonable and prudent commercial truck driver with a commercial driver's license operating a tractor-trailer and to use reasonable care in the operation of his tractor-trailer on Interstate 15.

31. Defendant Yang breached this duty and was negligent, and such breach of duty and negligence includes, but is not limited to, the following:

a. Failing to operate the commercial motor vehicle in a safe manner;

b. Failing to take timely and/or proper evasive actions;

c. Failing to keep a proper lookout, remain alert and pay proper attention to the vehicles in front of him;

d. Failing to keep the commercial motor vehicle under proper control;

e. Failing to properly apply his brakes;

f. Failing to properly inspect, maintain, service, or repair the commercial motor vehicle;

g. Failing to use the appropriate due care in operating the commercial motor vehicle;

h. Driving the commercial motor vehicle while distracted;

i. Driving the commercial motor vehicle in a careless manner;

j. Driving the commercial vehicle in a reckless manner;

k. Driving the commercial vehicle too fast for conditions;

l. Operating the commercial vehicle in a construction zone at an excessive speed;

m. Operating the commercial motor vehicle in a construction zone in an unsafe manor;

n. Falsifying driver logs to increase his time operating his commercial motor vehicle;

8

   o. Following too closely;

   p. Failing to follow the guidelines and safety suggestions set out in the Commercial Driver's License (CDL) Manual;  and

   q. Any additional actions by Defendants that are revealed during discovery as being breached.

32. Generally accepted trucking industry safety standards promote and govern the safe operation of commercial vehicles similar to the tractor-trailer operated by Defendant Yang.

33. The CDL Manual and other trucking industry specific publications are the basis for these generally accepted trucking industry safety standards.

34. These generally accepted trucking industry safety standards set out in writing certain duties and obligations for the safe operation of tractor-trailers by commercial truck drivers including Defendant Yang.

35. Defendant Yang had the duty to be knowledgeable of and comply with these generally accepted trucking industry safety standards for the safe operation of his commercial motor vehicle.

36. Defendant Yang breached his duty failed to  use ordinary care, and negligently failed to comply with generally accepted trucking industry safety standards for the safe operation of his commercial motor vehicle.

37. Defendant Yang's negligence was a direct, proximate cause and foreseeable result of the collision into the vehicle operated by Plaintiff Frank Allds and the resulting injuries and damages to Plaintiffs Frank Allds and Olga Antropova Allds.

38.  The acts by Defendant Hyung Won Jang were reckless and done without regard to the safety other drivers and passengers using the interstate, including Plaintiffs Frank and Olga Antropova Allds. These acts include, but are not limited to, falsifying driving logs, reckless driving and careless driving which specifically caused injuries to Plaintiffs. Said unconscionable conduct was willful and wonton and created an extreme risk of danger and harm for other drivers and passengers on the interstate including Plaintiffs who are therefore entitled to punitive and exemplary damages.

39.  Defendant Maye Transport is vicariously liable to Plaintiffs for the negligence of Defendant Yang under the doctrines of *respondeat superior*, agency liability and joint venture.

## COUNT III

## NEGLIGENCE PER SE OF DEFEDANT MAYE TRANSPORT

40.  Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1 thru 39 of this Complaint as if set forth in full herein.

41.  At all times relevant hereto, Defendant Maye Transport was obligated to comply with the commercial motor vehicle safety laws and traffic related laws established by United States and the State of Arizona, including, but not limited to, the statutes, regulations, and safety rules of the U.S. Department of Transportation, the National Transportation Safety Board, the Offices of Highway Safety, the Federal Motor Carrier Safety Administration, the Arizona Department of Transportation, and Arizona Traffic and Vehicle Regulations.

42.  These statutes, regulations, and traffic safety rules have been promulgated

for the safety and benefit of the public at large using the interstate highway, including Plaintiffs Frank and Olga Antropova Allds.

43.     The injuries and damages sustained by Plaintiffs on September 18, 2021 are of the type of injuries and damages that such statutes, regulations, and safety rules are designed to prevent.

44.     At the time of this collision, there were in force and effect Federal Motor Carrier Safety Act Regulations ("FMCSR") that may have violated by Defendant Maye Transport, including, but limited to:

    a.     FMCSR §383.37-Employer responsibities;

    b.     FMCSR §390.3-General applicability;

    c.     FNCSR §390.11-Motor carrier to require observance of driver regulations;

    d.     FMCSR §390.13-Aiding or abetting violations;

    e.     FMCSR §390.35-Certificates, reports, and records; falsification, reproduction or alteration;

    f.     FNCSR § 391.1-Scope of the rules in this part; additional justifications;             duties of carrier-drivers;

    g.     FMCSR §391.11-General qualifications of drivers;

    h.     FMCSR §391-13-Responsibilities of drivers;

    i.     FMCSR §391.15-Disqualifications of drivers;

    j.     FMCSR §391.23-Investigation and inquiries;

    k.     FMCSR §391.27-Record of violations;

  l. FMCSR §391.31-Road test;

  m. FMCSR §391.41-Physical qualifications for drivers;

  n. FMCSR §391-51-General requirements for driver qualification files;

  o. FMCSR §391.53-Driver investigation history file;

  p. FMCSR §392.3-Ill or fatigued operator;

  q. FMCSR §395.3-Maximum driving time for property-carrying vehicles;

  r. FMCSR §395.8-Driver's records of duty status;

  s. FMCSR §395.13-Drivers declared out of service;

  t. Any additional regulation or statutes that are revealed during discovery as being violated.

45. As a direct and proximate result of these and state federal violations, Defendant Maye Transport was negligent per se.

46. Defendant Maye Transport's negligence per se was the direct, proximate cause and foreseeable result of the collision into the vehicle operated by Plaintiff Frank Allds and the resulting injuries of and damages to Plaintiffs Frank and Olga Antropova Allds.

## COUNT IV

## NEGLIGENCE OF DEFENDANT MAYE TRANSPORT

47. Plaintiffs re-alleges and incorporate by reference the allegations made in paragraphs 1 thru 46 of this Complaint as if set forth in full herein.

48. At the time of the collision, Defendant Yang was employed by Defendant

12

Maye Transport and was driving a tractor-trailer owned by Defendant Maye Transport for the economic benefit and business use and profit of Defendant Maye Transport.

49. Defendant Maye Transport owed a duty to the public at large and to the Plaintiffs Frank and Olga Antropova Allds to use due care, skill and expertise as would an ordinary motor carrier operating a trucking company with commercial truck drivers so as not to cause foreseeable and unreasonable risks of harm to others.

50. This duty was specifically owed by Defendant Maye Transport to Plaintiffs while operating its trucking business at all times:

    a. In the operation, inspection and maintenance of its tractors and trailers, specifically the tractor and trailer used by Defendant Jang; and

    b. In the hiring, training, retention and supervision of its commercial truck drivers, specifically Defendant Jang; and

    c. In verifying and assuring the proper and safe execution of the duties of its commercial truck drivers, specifically Defendant Jang.

51. Defendant Maye Transport has a duty to hire, train, retain and supervise its commercial truck drivers in a reasonable and safe manner.

52. Defendant Maye Transport has a duty to assure the proper and safe execution of the duties of its commercial truck drivers in a reasonable and safe manner.

53. Defendant Maye Transport has a duty to hire, train, retain and supervise its commercial truck drivers to drive an over-the-road tractor-trailer in a reasonable and safe manner.

54. Defendant Maye Transport also has a duty, when entrusting its tractor and

trailers to its commercial truck drivers, to assure that the commercial motor vehicles are properly maintained, inspected and free of mechanical problems to insure their safe operation on the roadways.

55. Generally accepted and acknowledged trucking industry safety standards promote and govern the safe operation of commercial vehicles on the roadways.

56. These generally accepted and acknowledged trucking industry safety standards create certain duties and obligations upon the commercial motor carrier trucking company, including Maye Transport, Inc.

57. Trucking industry specific publications and general practices in the trucking industry are the basis for these trucking industry safety standards.

58. Defendant Maye Transport had a duty to be knowledgeable of and comply with these generally accepted and acknowledged trucking industry safety standards for the safe operation of its commercial motor vehicles on the roadways.

59. Defendant Maye Transport had a duty to make certain and verify that Defendant Jang was instructed, trained and complied with all applicable, accepted and acknowledged trucking industry safety standards for the safe operation of its commercial motor vehicles.

60. Defendant Maye Transport breached these duties and was negligent in failing to comply with these generally accepted and acknowledged trucking industry safety standards for the safe operation of its commercial motor vehicles by its employees, including Defendant Jang.

61. Defendant Maye Transport negligently failed to exercise due care, skill and

expertise, when it failed to fully and properly inspect, maintain, service or repair the tractor and trailer assigned to Defendant Jang and driven by Defendant Jang.

62. Defendant Maye Transport operated its trucking business without the due care, skill and expertise as would an ordinary motor carrier operating a trucking company.

63. Defendant Maye Transport failed to use due care, skill and expertise to properly hire, train, retain and supervise Defendant Jang in the operation of the commercial motor vehicle.

64. Defendant Maye Transport knew or should have known that Defendant Jang was likely to use the vehicle is such a manner as to create an unreasonable and foreseeable risk of harm to others including the Plaintiffs, and that Defendant Jang was, in fact, negligent in the operation of the tractor-trailer assigned to him.

65. As a result, Plaintiffs suffered foreseeable damages and personal injuries as a direct, natural and proximate result of the following acts of Defendant Maye Transport:

    a. Negligently hiring and retaining Defendant Jang;

    b. Negligently entrusting its commercial vehicle to Defendant Jang;

    c. Negligently training and supervising Defendant Jang;

    d. Negligently failing to comply with applicable laws, ordinances, rules and regulations regarding its employment of Defendant Jang;

    e. Negligently failing to train, supervise, direct or control Defendant Jang with the requisite care, skill and expertise as would a reasonable motor carrier or trucking company employer, including, but not limited to, the following acts:

(1) In the safe operation of their commercial motor vehicles;

(2) In driving too fast under the conditions;

(3) In driving at an excessive rate of speed;

(4) In properly applying brakes;

(5) In preventing driving while distracted;

(6) In preventing driving while fatigued;

(7) In training him about the perils of exhausted driving or properly supervising him to prevent exhausted driving;

(8) In defensive driving and forward observance of the road conditions in front of him;

(9) In bringing his vehicle to a safe stop behind other vehicles;

(10) In being aware of the road and travel conditions;

(11) In complying with all federal and state rules, regulations and statutes;

(12) In complying with all rules of the road;

(13) In complying with all hours of service and log regulations;

(14) In following too closely;

(15) In construction zone safety requirements;

(16) In construction zone warnings and speed regulations;

(17) In careless and reckless driving prohibitions;

(18) In maintaining a safe distance with the vehicle in front of his commercial motor vehicle; and

(19) Any additional acts that are revealed during discovery as being breached.

66. Defendant Maye Transport's negligence was a direct proximate cause and foreseeable result of the collision with the vehicle operated by Plaintiff Frank Allds and resulting injuries of and damages to Plaintiffs Frank Allds and Olga Antropova Allds.

## **DAMAGES**

67. As a direct and proximate result of the negligence and negligence per se of Defendants Yang and Maye Transport, Plaintiffs Frank and Olga Antropova Allds suffered and continue to suffer personal injuries; they have endured and continue to endure pain and suffering; they have incurred and continues to incur medical and non-medical expenses; they have incurred and continue to incur loss of wages, earnings, and future earnings potential; they have suffered and continue to suffer loss of enjoyment of life; they have suffered and continue to suffer a loss of household services; they have suffered and continue to suffer a loss of consortium and familial relations; they have suffered a partial permanent impairment and they have suffered miscellaneous damages.

68. The acts by Defendant Hyung Won Jang were reckless and careless and done without regard to the safety other drivers and passengers using the interstate, including Plaintiffs Frank and Olga Antropova Allds. These acts include, but are not limited to, falsifying driving logs, reckless driving and careless driving which specifically caused injuries to Plaintiffs. Said unconscionable conduct was willful and wonton and created an extreme risk of danger and harm for other drivers and passengers on the interstate including Plaintiffs who are therefore entitled to punitive and exemplary damages.

**WHEREFORE,** Plaintiffs Frank and Olga Antropova Allds pray for judgment against Defendant Hyung Won Jang and Defendant Maye Transport, Inc. in an amount reasonable to compensate them for all the foregoing damages and injuries, plus interest and prejudgment interest, the cost of this action and for such other future relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs request a trial by jury.

                                Respectfully submitted,

                                /s/ Mark J. Caruso Esq
                                Mark J. Caruso, Esq
                                Caruso Law Offices, PC
                                4302 Carlisle Blvd NE
                                Pro Hoc Vice
                                Tel:    (505) 883-5000
                                FAX: (505) 883-5012
                                mark@carusolaw.com
                                NM Bar No. 4459
                                CA Bar No. 105378